

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00179-CR

CORY DON CROSBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23730

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A Coryell County jury found Cory Don Crosby guilty of injury to a child.[1]  After Crosby

pled true to the State's enhancement allegation, the trial court sentenced him to twenty years'

imprisonment and ordered him to pay a $5,000.00 fine.  In his sole point of error on appeal, Crosby

argues that the trial court erred by failing to *sua sponte* instruct the jury on lesser-included offenses

of criminally negligent or reckless injury to a child.

In *Tolbert v. State*, the Texas Court of Criminal Appeals explained that while trial courts

are obligated to prepare a jury charge that accurately states the law applicable to the case, a "trial

court ha[s] no duty to *sua sponte* instruct the jury on . . . lesser-included offense[s]," because they

are "not 'applicable to the case' absent a request by the defense for its inclusion in the jury charge."

*Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).  In explaining why there is no duty

to *sua sponte* include lesser-included offenses in the jury charge, the Texas Court of Criminal

Appeals wrote that "lesser-included instructions are like defensive issues," which "frequently

depend on trial strategy and tactics," and counsel can engage in the valid trial strategy of the "all

or nothing" approach.  *Id.* at 780, 781 (quoting *Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex.

Crim. App. 2007)).

Here, it is undisputed that Crosby's counsel failed to request the inclusion of any lesser-

included offenses in the jury charge.  "It is clear that the defense may not claim error successfully

on appeal due to the omission of a lesser included offense if the defense refrained from requesting

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Tenth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

one." *Tolbert*, 306 S.W.3d at 781 (quoting *Delgado*, 235 S.W.3d at 250). Because the trial court has no duty to instruct the jury on lesser-included offenses in the absence of a request by the defense, we overrule Crosby's sole point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     March 22, 2018
Date Decided:       March 23, 2018

Do Not Publish